UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY H. TUCKER                        CIVIL ACTION

VERSUS                                   NO. 14-277-JJB-RLB

EXXON MOBIL CORPORATION
d/b/a EXXONMOBIL CHEMICAL
COMPANY

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 12, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEFFREY H. TUCKER                            CIVIL ACTION

VERSUS                                      NO. 14-277-JJB-RLB

EXXON MOBIL CORPORATION
d/b/a EXXONMOBIL CHEMICAL
COMPANY

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court on referral from the district judge of the plaintiff's Motion to Remand. (R. Doc. 5). The Motion is opposed. (R. Doc. 12). Plaintiff has filed a Reply. (R. Doc. 18). The issue is whether the jurisdictional amount required for diversity jurisdiction under 28 U.S.C. § 1332 has been satisfied.

**I.    BACKGROUND**

On January 16, 2014, Plaintiff Jeffrey H. Tucker filed his petition in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as Defendant Exxon Mobil Corporation d/n/a ExxonMobil Chemical Company. (R. Doc. 1-2 at 9-11, "Petition"). Plaintiff alleges that on January 16, 2013, he was employed by ISC Constructors, LLC ("ISC") as an electrician and assigned to work at the Vistalon Unit of the ExxonMobil Baton Rouge Chemical Plant. (Petition, ¶¶ 3-4). Plaintiff alleges that the gate mechanism for the Vistalon Unit gate was broken and the gate had to be entered manually. (Petition, ¶ 4). In the course of opening and securing the gate, the gate fell on the Plaintiff's middle finger of his right hand, amputating it at the "third phalanx" of the finger. (Petition, ¶ 4). Plaintiff has alleged negligence and intentional torts against Defendant and is seeking judgment "for all general and equitable relief, emotional

distress, pain and suffering, plus reasonable attorney's fees and costs" and interest.  (Petition, ¶¶ 7-8).

On April 16, 2014, Plaintiff filed a Supplemental and Amended Petition for Damages. (R. Doc. 1-2 at 22-24, "Amended Petition").  The Amended Petition alleges that Plaintiff was jointly employed by ISC and Defendant.  (Amended Petition, ¶ 3).  The Amended Petition seeks to recover unpaid hourly wages from Defendant between June of 2012 and January of 2014. (Amended Petition, ¶¶ 8-9).  The Amended Petition alleges that because Plaintiff was required to arrive at work 20 to 30 minutes before the beginning of shift, he is entitled to damages pursuant to La. R.S. 23:631 *et seq*.  (Amended Petition, ¶ 11).  Otherwise, the Amended Petition does not change the claims alleged in the original Petition.

On April 25, 2014, Plaintiff served Defendant with the Petition and Amended Petition. (R. Doc. 1-2 at 25-26).

On May 7, 2014, Defendant filed a Notice of Removal asserting that the Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332.  (R. Doc. 1).  The Notice of Removal states that it is facially apparent from the petition that the amount in controversy has been satisfied.

On June 5, 2014, Plaintiff filed the instant Motion to Remand seeking remand on the basis that the amount in controversy requirement is not satisfied.  (R. Doc. 5).

## II.    ARGUMENTS OF THE PARTIES

In support of remand, Plaintiff argues that Defendant cannot meet its burden of establishing that jurisdictional amount of $75,000.00, exclusive of interest and costs, is satisfied. (R. Doc. 5-1 at 2).  Plaintiff states that "loss of the tip of one finger, however startling and unwarranted, is not a substantial injury from a damage perspective."  (R. Doc. 5-1 at 3 n.2).

Plaintiff further argues that his claim for unpaid wages and penalties, at the most, would reach $12,675.00. (R. Doc. 5-1 at 3 n.2).

Plaintiff also submitted a post-removal stipulation that he "renounces any portion of any judgment which may be rendered in his favor" against Defendant over $75,000.00, exclusive of interest and court costs. (R. Doc. 5-2). Plaintiff argues that any ambiguity regarding the amount in controversy is resolved by his stipulation, and the action should therefore be remanded. (R. Doc. 5-1 at 3-4).

In opposition, Defendant argues that it is facially apparent that the amount in controversy requirement is satisfied based upon Plaintiff's personal injury claims alone. (R. Doc. 12 at 1). Defendant focuses on the Petition's use of the words "amputating" and "analytical" loss as indicating that the amount in controversy is facially apparent. (R. Doc. 12 at 5). Defendant relies upon three Louisiana decisions involving finger amputations awarding general damages exceeding the jurisdictional amount. Furthermore, Defendant provides evidence that the Plaintiff has undergone surgery on the amputated fingertip. (R. Doc. 15). Defendant further states that because the amount in controversy is facially apparent, Plaintiff's post-removal stipulation does not deprive the Court of jurisdiction. (R. Doc. 12 at 7-8).

## III. LAW & ANALYSIS

### A. Diversity Jurisdiction

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must

exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

As the parties do not dispute that there is complete diversity,[1] the only issue with regard to diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). The Court will first consider whether it is facially apparent from the Amended Petition that Plaintiff's claims likely exceed $75,000. If not, the Court will consider whether Defendant has set forth any facts in controversy supporting a finding of the jurisdictional minimum.

### 1. Whether the Jurisdictional Minimum is Facially Apparent

The Petition alleges that Plaintiff's middle finger on his right hand was amputated at the third phalanx when a gate fell on it. The Petition vaguely seeks recovery "for all general and equitable relief, emotional distress, pain and suffering, plus reasonable attorney's fees and costs" and interest. (Petition, ¶¶ 7-8). The Petition does not state whether Plaintiff had any surgery. The Petition does not specifically request any special damages such as medical expenses.

The Amended Petition incorporates by reference the allegations of the Petition, and also claims that Plaintiff is separately entitled to back pay for 20-30 minutes of lost hourly wages each work day over the course of approximately 19 months. The Amended Petition states that Defendant "is liable to Plaintiff for the non-payment of wages rightfully due, for penalties and attorney's fees, and for all other damages, all as is provided for in La. R.S. 23:631 *et seq.*" (Amended Petition, ¶ 11). The Amended Petition does not state the hourly wages paid to Plaintiff.

Based on the allegations of the Amended Petition, the Court concludes that the amount in controversy is not facially apparent. Plaintiff's potential recovery for the amputation of his fingertip in the absence of any assessment of comparative fault would not likely exceed $20,000

---

[1] Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 2). Defendant is a citizen of New Jersey and Texas. (R. Doc. 1 at 2).

even if special damages are recoverable. *See Bellotti v. Emerson Tool Co.*, No. 02-1070, 2002 WL 1285376, at *3 (E.D. La. June 6, 2002) (amount in controversy not facially apparent where plaintiff sought recovery in redhibition for amputation of a fingertip; range of $4,000 to $6,500 in damages was a reasonable assessment of the plaintiff's probable recovery); *see also Lartigue v. McElveen,* 619 So.2d 207 (La. App. 3rd Cir. 1993) ($4,000 in general damages where plaintiff severed a fingertip on a log splitting machine); *Richard v. McCrory Corp.,* 666 So.2d 371 (La. App. 1st Cir. 1995) ($6,500 in general damages where child severed fingertip on closing door).

Defendant asks the Court to rely on three Louisiana verdicts providing general damages awards exceeding the amount in controversy where the plaintiffs' injuries included "partial and/or amputated fingers." (R. Doc. 12 at 5). These cases involved allegations of injuries and damages that far exceed those alleged by Plaintiff. *See Pertuit v. State Farm Ins. Co.*, 877 So. 2d 1101 (La. App. 5th Cir. 2004) (awarding $90,000 in general damages where plaintiffs hand was crushed under a building and, after eight operations, doctors were able to save fingers and limit amputation to two fingertips, and plaintiff suffered "loss of strength, loss of coordination, temperature intolerance, hypersensitivity, and pain in his hand"); *Leblanc v. Stevenson*, 756 So.2d 356 (La. App. 3rd Cir. 1999) (awarding $100,000 in general damages where plaintiff's left index finger had been ripped off down to the second knuckle when a strap tied to a truck tightened, resulting in a "loud pop" and the "flesh, muscles and other tissue" being torn from the finger); *Leblanc v. Continental Grain Co., Inc.*, 672 So.2d 951 (La. App. 5th Cir. 1996) (awarding $183,000 in general damages for full amputation of plaintiff's middle finger and partial amputation of his index finger, which was eventually fully amputated because plaintiff suffered stiffness and other problems).

7

Plaintiff's claim for lost wages exposes Defendant to potential back pay, penalties, and attorney's fees. Upon discharge or resignation of an employee, an employer has a duty "to pay the amount then due under the terms of employment." La. R.S. § 23:631(A)(1). An employer's failure to comply with § 23:631 triggers the penalty provision found at La. R.S. § 23:632. If the penalty provision applies, then Defendant is exposed to up to an additional ninety days of wages and reasonable attorneys' fees. La. R.S. § 23:632. The Amended Petition does not provide the Court with any basis for calculating the amount in controversy regarding Plaintiff's lost wages claim.

Finally, although not raised by Defendant, Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are less than the requisite amount for the right to a jury trial or to establish federal jurisdiction.[2] Neither the Petition nor the Amended Petition states that the damages sought are less than the requisite amount to establish diversity jurisdiction. "While the absence of such a statement may be considered in determining whether the amount in controversy is satisfied, it is not alone determinative." *Johnson v. Macy's Dep't Store*, No. 14-226, 2014 WL 5822788, at *4 (M.D. La. Nov. 10, 2014) (citing *Weber v. Stevenson*, No. 07-595, 2007 WL 4441261, at *4 (M.D. La. Dec. 14, 2007).

---

[2] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

In the instant case, the Petition and Amended Petition contain insufficient information on which the court may make a reasonable estimate of any potential recovery. Even considering the absence of a jurisdictional statement, the Court concludes that the amount in controversy is not facially apparent.

### 2. Whether Defendant Submitted Facts in Controversy Supporting a Finding of the Jurisdictional Minimum

Because the amount in controversy is not facially apparent, the Court will consider whether Defendant has submitted facts in controversy supporting a finding of the jurisdictional minimum. The only summary judgment type evidence submitted by Defendant is certain medical records regarding Plaintiff's injury and treatment. A review of these records, however, reveals that Plaintiff's fingertip amputation is not nearly severe as the amputations and injuries discussed in the quantum cases submitted by Defendant. (R. Doc. 15-1).[3] Furthermore, even if Plaintiff has made a claim for special damages, the relatively minor surgery performed on Plaintiff's fingertip amputation does not significantly raise the amount of recoverable general damages sought by Plaintiff in this action.

Defendant has not submitted any summary judgment type evidence regarding Plaintiff's recoverable lost wages. Plaintiff represents that he is paid at $15 per hour and has calculated his alleged total wage and penalty entitlement to be, at the very most, $12,675. (R. Doc. 5-1 at 3; R. Doc. 8 at 4). Defendant does not challenge this total and only submits that Plaintiff has not included recoverable attorneys' fees in this calculation. The Court does not agree that any recoverable attorneys' fees related to Plaintiff's lost wages claim will elevate the amount in controversy above the jurisdictional threshold.

---

[3] Defendant filed this document under seal.

In addition, although a unilateral post-removal stipulation does not deprive the Court of jurisdiction if the amount in controversy is facially apparent, it may be considered to clarify the amount in controversy if it is ambiguous from the face of the petition. *See Marcel v. Pool Company,* 5 F.3d 81, 85 (5th Cir. 1993); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider it in determining whether remand is proper); *McGlynn v. Huston,* 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy since defendant "failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC,* 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

The stipulation submitted by Plaintiff is binding because he has expressly renounced his right to recover in excess of $75,000 in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). That the Plaintiff has renounced recovery in excess of $75,000 in state court is significant because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall

grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

Based on the foregoing, Defendant has not established through the submission of summary judgment type evidence that the amount in controversy has been satisfied.

### B. Plaintiff's Request for Costs and Expenses

Plaintiff requests that Defendant bears all costs and fees incurred regarding the filing of the Motion to Remand. (R. Doc. 5-1 at 2). Defendant states that Plaintiff is not entitled to costs because Defendant "had a clear objective basis upon which to believe that removal was both warranted and supported." (R. Doc. 12 at 8).

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447(c). The award of costs and expenses under § 1447(c) is discretionary and should only be awarded where the removing party "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper. *Id.*; *Avitts v. Amoco Prod. Co.*, 111 F.3d 30, 32 (5th Cir. 1997), *cert. denied*, 522 U.S. 977 (1997); *Miranti v. Lee*, 3 F.3d 925, 928-29 (5th Cir. 1993). To be subject to an award of attorney's fees under § 1447(c), a defendant must have played a role in the decision to remove. *Avitts*, 111 F.3d at 32.

Based on the record, the Court finds that Defendant's removal was not objectively unreasonable. Although the Court finds them unpersuasive, Defendant has cited several Louisiana cases involving amputation of fingers in support of its argument that the amount in

11

controversy requirement is satisfied based on Plaintiff's personal injury claims. In addition, the Amended Petition asserts lost wages claims against the Defendant, who represents that it "is at a disadvantage because it is not plaintiff's employer" and thus was left to speculate as to the apparent value of that claim. The Court does not recommend the imposition of costs and fees.

## IV. CONCLUSION

For the foregoing reasons, Defendant has not met its burden of proving the amount in controversy has more likely than not been satisfied.

## RECOMMENDATION

**IT IS THE RECOMMENDATION** of the magistrate judge that the Plaintiff's Motion to Remand (R. Doc. 5) be **GRANTED**, with the exception that Plaintiff's request for costs and expenses should be **DENIED**.

Signed in Baton Rouge, Louisiana, on December 12, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**